IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STAR MRDAK, etc.,                    )
                                     )
            Plaintiff,               )
                                     )
      v.                             )      No.  11 C 1745
                                     )
KUL BIR SOOD, M.D., et al.,          )
                                     )
            Defendants.              )

MEMORANDUM ORDER

Two of the five defendants in this 42 U.S.C. §1983 ("Section 1983") action brought by Star Mrdak ("Mrdak") as next friend of Joseph Schaefer ("Schaefer")--Dr. Imhotep Carter and Wexford Health Sources, Inc. ("Wexford")--have filed separate Answers to the lengthy Complaint.  This memorandum order is prompted by a few problematic aspects of those responsive pleadings.

To begin with, both Dr. Carter and Wexford are represented by the same law firm--indeed, their interests are parallel.  And that being so, the preparation of separate Answers rather than one combined Answer (differentiating, of course, the responses to Complaint paragraphs that call for separate treatment) was insufficiently thoughtful as to the impact on the readers-- Mrdak's counsel and this Court.  In that respect, when this Court reviews a responsive pleading paragraph by paragraph (as it always does), it is terribly inconvenient to have to repeat that task separately as to each defendant.

Accordingly this Court strikes both current Answers, without

prejudice of course to the filing of a single combined Amended

Answer on or before June 17, 2011.  Meanwhile, some aspects of

the Affirmative Defenses ("ADs") appended to the Answers also

need attention.

Most importantly, Dr. Carter's AD 4 and Wexford's AD 2

assert the failure on Schaefer's part to have exhausted

administrative remedies, which 42 U.S.C. §1997e(a) makes a

precondition to the institution of Section 1983 litigation by or

on behalf of a prisoner.  Because that may or may not require a

<u>Pavey</u> hearing (<u>Pavey v. Conley</u>, 528 F.3d 494 (7th Cir. 2008)),

each party is ordered to submit a statement on that score on or

before June 17, accompanied by all relevant information on the

subject.

Next, each defendant's AD 1 challenges the sufficiency of

the Complaint as assertedly not meeting the "deliberate

indifference" requirement of <u>Estelle v. Gamble</u>, 429 U.S. 97

(1976).  But that is impermissibly at odds with the requirement

that an AD accept plaintiff's well-pleaded allegations as true

(see Fed. R. Civ. P. 8(c) and the caselaw applying it, as well as

App'x ¶5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D.

276, 279 (N.D. Ill. 2001)).  Accordingly each AD 1 is rejected

and should not be repeated in the Amended Answer.

Next, Dr. Carter's AD 2 is puzzling.  Unless this Court

missed it (which is of course possible), Dr. Carter is not being

2

sued "in his alleged official capacity," so that an asserted claim of immunity "as an official of the state" is inapplicable.

Finally, Dr. Carter's AD 3, which asserts qualified immunity, also impermissibly contradicts the allegations of the Complaint (which negate good faith performance on his part). That AD is also rejected and should not be repeated.

_____
Milton I. Shadur
Senior United States District Judge

Date:  June 6, 2011