```
                  IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF ILLINOIS
                            EASTERN DIVISION

STAR MRDAK, etc.,                  )
                                   )
               Plaintiff,          )
                                   )
     v.                            )     No.  11 C 1745
                                   )
KUL BIR SOOD, M.D., et al.,        )
                                   )
               Defendants.         )
```

## MEMORANDUM ORDER

When counsel for two of the five defendants in this action timely complied with this Court's sua sponte order that called for the replacement of two separate answers with a single combined responsive pleading, this Court's minute clerk printed out the case docket so that this Court could be fully informed as to the total posture of the litigation.  That printout revealed that counsel for the other three defendants--Drs. Kul Bir Sood and Dean Rieger and Correct Care Solutions, LLC--had filed an Answer for those defendants back on June 1 but had violated this District Court's LR 5.2(f)(an LR that, because too many counsel are not aware of--or have ignored--their obligation to deliver hard copies of filings to the chambers of the presiding judge, this Court has reinforced by the strong emphasis set out in the opening boldface paragraph on its website).

As foreshadowed in the website, this Court then imposed a $100 fine on counsel for that rule violation and directed the immediate delivery of the required judge's copy to its chambers.

That delivery has been made, and regrettably it has triggered this sua sponte memorandum order to address a problematic aspect of that responsive pleading.

Before this order turns to that problem, however, a comment should be made about the Answer's pervasive use of the disclaimer prescribed by Fed. R. Civ. P. ("Rule") 8(b)(5) to avoid the need to admit or deny (see Rule 8(b)(1)(B)) an allegation about which the pleader lacks a basis for conforming to either of those alternatives in the good faith mandated by Rule 11(b). Although each invocation of the Rule 8(b)(5) formula tracks that Rule faithfully, it seems quite doubtful that the demanding standard of insufficient information to form even a belief about an allegation accurately describes the pleader's mindset as to each place where the disclaimer is made. Nothing more will be said or done here on that score, but defense counsel ought to take a hard look at the Complaint's allegations to see whether a different response is not called for in at least some places.

But no even arguable justification can be found for counsel's pervasive use of a response--or more accurately a nonresponse--that asserts this or a close variant in addressing some of the Complaint's allegations:

> These defendants admit only those obligations imposed by law and deny the remaining allegations contained in this paragraph.

That usage is really meaningless (precisely because it is

nonresponsive) when employed in Answer ¶¶9 and 10. But far worse it is totally uninformative, and it also violates the federal principle of notice pleading that applies to plaintiffs and defendants alike, when it is advanced in Answer ¶¶28-30, 32, 92-94, 146-48, 201 and 202. So all of those paragraphs of the Answer are stricken.

Hence defense counsel must go back to the drawing board to do a proper job. Because presenting the revised responses via an amendment to the Answer, rather than by a self-contained full Amended Answer, would force the reader to flip back and forth between two pleadings to see what is and what is not being placed in issue and how the issues have been posed, counsel is ordered to prepare and file a full-blown response in substitution for the present Answer.

Finally, no charge is to be made to these three defendants by their counsel for the added work and expense incurred in correcting counsel's errors. Counsel are ordered to apprise their clients to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: June 20, 2011