IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

STAR MRDAK, etc.,                )
                                 )
               Plaintiff,         )
                                 )
     v.                          )    No.  11 C 1745
                                 )
KUL BIR SOOD, M.D., et al.,      )
                                 )
               Defendants.        )

                        MEMORANDUM ORDER

     On June 17, 2011 this Court learned that counsel for three

of the five defendants in this action--Drs. Kul Bir Sood and Dean

Rieger and Correct Care Solutions, LLC--had filed an answer for

those defendants a bit over two weeks earlier (on June 1) but had

violated this District Court's LR 5.2(f) that obligated them to

deliver a hard copy of that responsive pleading to this Court's

chambers.  Defense counsel were ordered to pay a $100 fine for

that violation as well as to comply with the LR 5.2(f) delivery

requirement--and that delivery then disclosed some problems with

the pleading that required correction, a subject covered in a

June 20 memorandum order.

     In response counsel have now filed an Amended Answer that

regrettably hasn't set things right.  At some dozen places in the

earlier filing, counsel's drafted responses to plaintiff's

allegations had taken the following inappropriate form (only one

example is needed):

          28.  At all relevant times, it was the duty of Kul
     Bir Sood, MD, as medical director of the Will County

>     Jail, to schedule and approve medically necessary
>     surgery consults or collegial visits to health care
>     providers located outside of the Will County Jail for
>     inmates of the Will County Jail.
>
>     ANSWER:  These Defendants admit only those
>     obligations imposed by law and deny the remaining
>     allegations contained in this paragraph.

And quite surprisingly, here is the typical minimally altered provision of the Amended Answer:

>     28.  At all relevant times, it was the duty of Kul
>     Bir Sood, MD, as medical director of the Will County
>     Jail, to schedule and approve medically necessary
>     surgery consults or collegial visits to health care
>     providers located outside of the Will County Jail for
>     inmates of the Will County Jail.
>
>     ANSWER:  These Defendants admit only those duties
>     imposed by law and deny that the plaintiff has
>     accurately stated those duties.

But as counsel know, their original usage had triggered this critical comment in the June 20 memorandum order:

> That usage is really meaningless (precisely because it
> is nonresponsive) when employed in Answer ¶¶9 and 10.
> But far worse it is totally uninformative, and it also
> violates the federal principle of notice pleading that
> applies to plaintiffs and defendants alike, when it is
> advanced in Answer ¶¶28-30, 32, 92-94, 146-48, 201 and
> 202.

It should have taken only a moment's thought for counsel to recognize that a reference to "those obligations imposed by law" left the reader entirely in the dark as to just was or was not being admitted--notice pleading principles clearly required defense counsel to spell out <u>their</u> view of their clients' obligations, instead of expecting plaintiff's counsel and this

2

Court to guess what was in defense counsel's mind.

In short, defense counsel must once again "go back to the drawing board to do a proper job." And once again counsel must comply with the last two paragraphs of the June 20 memorandum order.

Indeed, in that last respect, counsel's "Motion for Clarification" that accompanied the Amended Answer and that was scheduled for presentment on July 18 must be and is denied. For one thing, no "clarification" of the unambiguous June 20 directive is needed. But more importantly, counsel ought to consider themselves fortunate that this Court's order did not include a required transmission to the client of copies of this and the earlier memorandum order, a requirement that would have exposed the nature and extent of counsel's deficient performance.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 12, 2011